FILED
BILLINGS, MT

2006 JAN 11 AM 9 32

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JAMES MORRISON, | ) | Cause No. CV 05-47-BLG-RWA |
| Plaintiff, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| CITY OF BILLINGS; PHILLIP HAGEMAN; JOSH MIREL; JOHN and JANE DOE'S, | ) | |
| Defendants. | ) | |

On March 29, 2005, Plaintiff James Morrison applied to proceed *in forma pauperis* with this action under 42 U.S.C. § 1983. That Application was granted in a separate Order. Morrison is proceeding *pro se*.

On September 13, 2005, the Court ordered Morrison to clarify several matters to assist the Court in pre-screening the Complaint. A deadline was set for October 7, 2005. Although the Order was not returned to the Court as undeliverable, Morrison failed to respond to it.

On November 21, 2005, the Court ordered Morrison to show cause why his case should not be dismissed with prejudice for failure to prosecute. *See* Order (doc. 4) at 2. That Order was also not

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

returned to the Court as undeliverable, but Morrison again failed to respond to it.

In considering dismissal, a court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

### 1. Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, Morrison has abandoned his case. This factor weighs in favor of dismissal.

### 2. Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who file suit but fail to follow through disrupt the Court's handling of other matters by consuming time and resources needed by litigants who do follow through. This factor weighs in favor of dismissal with prejudice.

### 3. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Because Morrison abandoned this action before the Defendants appeared, there is no reason to believe that they are aware of the need to preserve evidence or testimony that might assist in their defense. This factor weighs in favor of dismissal.

### 4. Alternatives

Because Morrison is proceeding in forma pauperis, and because the Court does not know where Morrison is, monetary sanctions are impractical. Dismissal is the only realistic option. The question is whether dismissal should be with or without prejudice.

Dismissal without prejudice would merely enable Morrison to refile, thus consuming more of the Court's time and resources. Prescreening imposes little burden on litigants proceeding in forma pauperis and considerable burden on the Court. *See, e.g.*, Order Permitting Amendment of Complaint (doc. 3) at ¶¶ III-IV. If Morrison refiles, all of that time and effort must be duplicated. Dismissal with prejudice is appropriate.

### 5. Disposition on Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). This factor will always counsel against dismissal. *Id*.

### 6. Conclusion

While the policy in favor of disposition on the merits weighs against dismissal, the public's interest in expeditious resolution of litigation, the Court's interest in managing its own docket, prejudice to the Defendant, and the lack of meaningful alternatives all weigh in favor of dismissal with prejudice. That is the resolution the Court will recommend.

### RECOMMENDATION

The undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that Morrison's Complaint (doc. 1) be DISMISSED WITH PREJUDICE for his failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

<u>Morrison must keep the Court informed of his current mailing address at all times</u>.

DATED this 11th day of January, 2006.

Richard W. Anderson
United States Magistrate Judge